REDACTED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEXANDER SHANNON )
)
Plaintiff, )
) Civil Action No. 15-13010-PBS
v. )
)
DEBORSHI GHOSH )
)
Defendant )

## EX PARTE MOTION TO FILE UNDER SEAL
## AND IMPOUND ALL INITIAL FILINGS

Pursuant to Local Rule 7.2, and for good cause shown, the Plaintiff, Alexander Shannon ("Shannon"), hereby moves that this court allow Shannon to file this action under seal and requests an order for the impoundment of all initial pleadings, motions, affidavits and other filings in this action that contain and repeat the admittedly false, defamatory statements made by the Defendant Deborshi Ghosh ("Ghosh"), which are set forth in detail in the Verified Complaint, the Affidavits of Shannon, Richard A. Parry and Jeffrey E. Francis, and in Shannon's Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction, which repeats and has copies of those defamatory statements.

Alternatively, Shannon requests that he may be permitted to file redacted copies of the Verified Complaint, the Affidavits of Shannon, Richard A. Parry and Jeffrey E. Francis, and the Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction, which redacts the actual statements and the email identity of Shannon, his parents, and non-litigant third parties to whom the statements were published by Ghosh.

{W5010387.1}

In accordance with Local Rule 7.2(a), Shannon further requests that the impounded filings remain under seal during the pendency of this action and be returned to Shannon's counsel at the conclusion of this action, or until further order of the Court.

As further grounds for this motion, Shannon states as follows:

## Background

As set forth in the Verified Complaint and the Affidavits Alexander Shannon, Richard Parry and Jeffrey E. Francis, all filed in support hereof, and as explained in greater detail below, Ghosh has undertaken a malicious, fraudulent bad faith scheme to harass, injure and defame Shannon through the repeated publication of knowingly false statements and/or statements made with reckless disregard for their falsity that Shannon

Ghosh, participated in .                                                              of Ghosh and that Shannon

is a                ("Ghosh's False and Defamatory Statements"). Ghosh's False and Defamatory Statements are defamatory *per se* of Shannon and, unless the Court enjoins Ghosh from continuing to republish Ghosh's False and Defamatory Statements and enjoins Ghosh from continuing his harassment of Shannon, Shannon will suffer irreparable harm and damage to his professional and personal reputation and through Ghosh's continued, intentional infliction of emotional distress on Shannon.

## Argument

There is a presumption that all documents filed in federal court are accessible to the public for viewing and copying. *In re Providence Journal Co., Inc.*, 293 F.3d 1, 13-14 (1st Cir. 2002); *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410-411 (1st Cir. 1987). However, the court recognizes there are circumstances where that presumption may be overcome by competing interests, permitting documents filed with the court to be impounded and restricted from public

viewing. *Nat. Ord. for Marriage v. McKee,* 649 F.3d 34, 70 (1st Cir. 2011), cert. den., __ U.S. __, 132 S.Ct. 1635 (2012).

Among those competing interests that may outweigh the presumption of public access are the privacy rights of litigants and third parties: "[P]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." Id. at 71 (citing *F.T.C. v. Standard Fin. Mgmt. Corp.,* 830 F.2d at 411, quoting *In re Knoxville News-Sentinel Co.,* 723 F.2d at 478).

### Repeated Violations of Privacy Rights of Shannon and Third Parties

In the instant case, as more fully set forth in the Verified Complaint, and the Affidavits of Alexander Shannon, Richard A. Parry and Jeffrey E. Francis, the Defendant Ghosh has repeatedly published outrageously false and defamatory statements through emails in the following manner:

1. To Shannon; his father Dr. Richard Shannon; the Director of Chapter Services of the National Chapter of Delta Tau Delta; another third party referred to herein as "Y.D." and to the Cornell University Police Department, that a former fellow Delta Tau Delta fraternity brother at Cornell University referred to herein as "D.R." ▮ ▮ Ghosh while living at the fraternity house in 2008;

2. Then, to Shannon's parents, Dr. Barbara Clark and Dr. Richard Shannon; the Dean of students at Tufts Medical School when Shannon was in his final year; and most recently, the director of the general surgery residency program at University of Virginia Medical Center, that Shannon ▮ Ghosh while they were living at the Cornell chapter Delta Tau Delta fraternity;

3. Then, to the significant others of third-parties referred to herein as "J.M." and "P.G." that they _____ Ghosh at the Delta Taul Delta fraternity house.

Ghosh has admitted in writing, under oath, that his statements of _____ at least as to Shannon, were "absolutely false and were made with no basis in fact whatsoever," yet he continues to send emails to targeted individuals in prominent positions with whom Shannon has dealings, in an intentional and concerted effort to disgrace and harm Shannon, thus necessitating the instant action.

**Impoundment is Necessary to Protect the Privacy Interests of Shannon and Third Parties**

In what can only be described as a "chicken-egg" conundrum, the Plaintiff must provide this Court with the specific language and specific instances where Ghosh has made false, defamatory statements, and the particular targets and recipients of those statements. Yet, by doing so in a court filing that are accessible to the public, Plaintiff winds up republishing the offensive statements, which will cause further damage to the reputations of the victims targeted by Ghosh.

Therefore, Shannon requests that this action be sealed and that all pleadings, affidavits, motions and other filings that contain the defamatory statements of Ghosh be impounded, to prevent further publication of the outrageously false and admittedly defamatory statements made by Ghosh about Shannon – i.e., to limit the damage that has already been done by Ghosh. There is no more toxic charge to an individual's reputation than the claim that the person is a _____ or has committed some act of _____. These are the false charges that Ghosh has leveled at Shannon. Ghosh has also fraudulently attached communications with the Cornell Police to create the false impression that Shannon is presently under investigation in connection with Ghosh's allegations.

Shannon is at a particularly vulnerable time in his fledgling medical career. He has only just begun his surgical residency and will in the future be seeking to build a practice of patients. If Ghosh is permitted to continue stalking Shannon to each employer and medical practice he continues to, and if Ghosh is permitted to continue republishing Ghosh's False and Defamatory Statements and continue circulating his fraudulently attached communications with the Cornell Police. Therefore, Shannon is facing the irreparable destruction of his fledgling career in surgery and, the court should grant Shannon the requested injunctive relief that he seeks in this action. However, the effectiveness of the requested injunctive relief will be severely undermined if Ghosh's False and Defamatory Statements become part of the public record through the pleadings, motions and other documents filed with this Court in this action.

Additionally, sealing the action and impounding the filings will also protect the privacy interests of the third parties who have been identified by Shannon as victims of Ghosh's defamatory statements and prevent their general identification and any further publication of defamatory statements.

**Impoundment is Necessary to Protect the Privacy Interests of Shannon and Third Parties**

Shannon requests that this action be sealed and that all pleadings, affidavits, motions and other filings that contain the defamatory statements of Ghosh be impounded, to prevent further publication of the outrageously false and admittedly defamatory statements made by Ghosh about Shannon – i.e., to limit the damage that has already been done by Ghosh.

Additionally, sealing the action and impounding the filings will also protect the privacy interests of the third parties who have been identified by Shannon as victims of Ghosh's defamatory statements and prevent their general identification and any further publication of defamatory statements.

Alternatively, Shannon should be permitted to file redacted copies of the Verified Complaint, Affidavits of Shannon, Richard A. Parry and Jeffrey E. Francis, Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction, which redact the specific defamatory statements as well as the complete names and email addresses of the individuals to whom the Defamatory Statements have been published and the non-litigants who have also been the targets of Ghosh's Defamatory Statements, in order to protect their privacy interests.

**Good Cause is Shown for this Motion**

Where, as here, the privacy rights of Shannon and other non-litigant third parties are as stake with respect to outrageously false, defamatory statements made and published by the Defendant Ghosh are at issue, these rights outweigh the public's right to full access to the pleadings, affidavits, motions and memoranda being filed by the Plaintiff in this action, and constitute good cause for this Court to allow this action to be filed under seal and to impound Verified Complaint , the Affidavits of Shannon, Richard A. Parry and Jeffrey E. Francis, and in Shannon's Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction

**Conclusion**

WHEREFORE, Plaintiff Alexander Shannon for the above-described reasons and for the reason described more fully in Memorandum Of Law In Support Of Motion For An Ex Parte Temporary Restraining Order and a Preliminary Injunction and the affidavits filed in support thereof respectfully requests that the Court grant this motion to allow Shannon to file this action under seal and that the Court order the impoundment of all initial pleadings, motions, affidavits and other filings in this action.

Alternatively, Shannon requests that he may be permitted to file redacted copies of the initial pleadings and filings.

Shannon further requests that the impounded pleadings and filings remain under seal during the pendency of this action and be returned to Shannon's counsel at the conclusion of this action, or until further order of the Court.

Dated: July 24, 2015

Respectfully submitted,

ALEXANDER SHANNON

By his counsel,

*/s/ Jeffrey E. Francis*
Jeffrey E. Francis (BBO# 639944)
jfrancis@pierceatwood.com
Liam J. Vesely (BBO #549214)
lvesely@pierceatwood.com
PIERCE ATWOOD LLP
100 Summer Street, Suite 2250
Boston, MA 02110
(T) (617) 488-8100
(F) (617) 824-2020